**UNITED STATES of America,**
**Appellee,**

v.

**Victor SEMPERE–VALERO,**
**Defendant–Appellant.**

No. 02–1713.

United States Court of Appeals,
Second Circuit.

Jan. 7, 2004.

Nicolas Bourtin, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief, Emily Berger, Assistant United States Attorney), Brooklyn, NY, for Appellee, of counsel.

Ellyn I. Bank, New York, NY, for Defendant–Appellant.

Present: FEINBERG, WESLEY, Circuit Judges, and PAULEY, District Judge.*

### SUMMARY ORDER

Familiarity is assumed as to the facts and the procedural context, and the specification of appellate issues.

Defendant challenges the sufficiency of the trial evidence to prove he knowingly committed a substantive drug offense and was part of a drug conspiracy. A defendant challenging the sufficiency of the evidence after a jury verdict bears a heavy burden. *See, e.g., United States v. Soto,* 716 F.2d 989, 991 (2d Cir.1983). The Court must view the evidence in the light most favorable to the government and all issues of credibility must be resolved in favor of the prosecution. *See United States v. Desena,* 287 F.3d 170, 176 (2d Cir.2002). " '[T]he evidence need not ... exclude[ ] every permissible hypothesis of innocence,' " *United States v. Pitre,* 960 F.2d 1112, 1120 (2d Cir.1992) (quoting *Soto,* 716 F.2d at 993), and the conviction must be affirmed if *"any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under these standards defendant's sufficiency challenge fails.

Through the unchallenged testimony of two Customs Inspectors, the government established defendant and his co-conspirator, Roberto Rodriguez–Cuenca, arrived together at John F. Kennedy International Airport ("JFK"), they appeared hesitant, were dressed identically and presented themselves for inspection with identical suitcases containing the drug MDMA. Upon questioning, defendant indicated the bag he was carrying and all of its contents belonged to him.[1] Moreover, defendant had in his possession both airline tickets and boarding passes, establishing he and Rodriguez–Cuenca traveled together from Amsterdam to JFK. Defendant also possessed a telephone number and address linking him to the larger conspiracy. Additionally, Rodriguez–Cuenca testified that he and defendant were together in Amsterdam when advised they would be paid to bring suitcases "with something inside of them" into the United States. Rodriguez–Cuenca also testified that he and defendant each brought a suitcase to the airport.

---

of heroin concealed in luggage, coupled with defendant's acknowledgment he owned the bag and its contents, sufficient to establish guilt beyond a reasonable doubt.

Based upon this evidence the jury was entitled to conclude that defendant was either actually aware that he was importing drugs, or was aware of a high probability that illegal drugs or controlled substances were hidden in the suitcase, and he deliberately closed his eyes to that probability.[2]

For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.

---

**2.** Defendant does not contest the appropriateness of the conscious-avoidance charge nor could he as such an instruction is appropriate "when a defendant asserts the lack of some specific aspect of the knowledge required for

conviction." *United States v. Aina–Marshall,* 336 F.3d 167, 170 (2d Cir.2003).

